UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KELLY N. GIBBONS,

    Plaintiff,

v.                                                                  Case No: 3:14-cv-1315-J-39MCR

NATIONSTAR MORTGAGE LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Defendant's Motion to Stay Discovery [Doc. 25; Motion], filed April 17, 2015.[1] In the Motion, Defendant requests an Order from the Court staying discovery until the Court issues a ruling on Defendant's pending Motion to Dismiss Plaintiff's Amended Complaint [Doc. 23; Motion to Dismiss].

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); see Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); Johnson v. Bd. of Regents of Univ. of Georgia, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad

---

[1] In the alternative to staying discovery, Defendant asks for twenty days "from the date an order is entered to serve its written response and objections to the discovery, along with any motion for a protective order."

discretion over the management of pre-trial activities, including discovery and scheduling."). Additionally, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." Patterson v. United States Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990). As such, the district court has "'broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case.'" Ameris Bank v. Russack, No. CV614-002, 2014 WL 2465203, at *1 (S.D. Ga. May 29, 2014) (quoting Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987)).

Overall, stays of discovery are seldom granted, but courts have held that good cause to stay discovery exists when resolution of a dispositive motion may dispose of the entire action. Compare Patterson, 901 F.2d at 929 (holding that the district court did not abuse its discretion by staying discovery where a pending dispositive motion gave the court enough information to ascertain that further discovery was not likely to produce a genuine issue of material fact), with Feldman v. Flood, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (holding that a stay of discovery was not appropriate where pending motion to dismiss was not case dispositive).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the Court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and completely eliminate the need for such discovery. Feldman, 176 F.R.D. at 652-53. To that end, the Feldman court advised that it is often helpful to take a "peek" at the merits of the pending motion to dismiss to ascertain whether the pending motion appears to be "clearly meritorious." Id. ("While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine

whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive.").

The Court has "peeked" at Defendant's Motion to Dismiss [Doc. 23], as well as Plaintiff's Response in Opposition [Doc. 24; Response]. Based on a cursory review, the Court is unable to predict the disposition of the Motion to Dismiss. While Defendant has submitted a meritorious Motion to Dismiss, Plaintiff has countered with a meritorious Response. Given the parties' positions, and the somewhat conflicting evidence and case law cited in their filings, there appears to be a legitimate dispute regarding the appropriateness of the relief requested in the Motion to Dismiss — albeit, upon a cursory review. Thus, it is not apparent from the face of the Motion to Dismiss that there is an "immediate and clear possibility that it will be granted," Feldman, 176 F.R.D. at 652, so as to merit a stay of all proceedings henceforth.

Due to the fact that there exists a legitimate dispute regarding whether the Motion to Dismiss should be granted, the Court determines that the potential harm from indefinitely staying all discovery outweighs the possibility that the pending Motion will be granted and completely eliminate the need for such discovery. Indeed, the Motion requests open-ended relief. While the Court is not commenting on Defendant's Motion to Dismiss, it does find that staying discovery and all associated deadlines and proceedings is not appropriate at this time. However, the Court takes note of the amount Plaintiff claims in damages and the costs likely to be incurred during discovery. In considering "economy of time and effort for itself, for counsel, and for litigants," the Court

finds an expedited mediation schedule in this case is appropriate, with discovery to resume after mediation, should the parties fail to come to a resolution.

Accordingly, after due consideration, it is **ORDERED**:

1. Defendant's Motion to Stay Discovery [Doc. 25] is **DENIED**.

2. The parties are **DIRECTED** to participate in mediation no later than **June 12, 2015**.[2] Discovery shall resume on **June 13, 2015**.

**DONE** and **ORDERED** in Jacksonville, Florida this 18th day of May, 2015.

BRIAN J. DAVIS
United States District Judge

mw
Copies furnished to:

Counsel of Record

---

[2] Other than the alteration as made herein regarding the date of mediation, the parties must comply with all other requirements of mediation as set forth in the Case Management and Scheduling Order [Doc. 19].